# EXHIBIT C

*City of Rochester Police Department
Training Bulletin P-75-17*

# ROCHESTER POLICE DEPARTMENT
## TRAINING BULLETIN

| Issue Date: | Rescinds: | T.B.# | |
|---|---|---|---|
| March 23, 2017 | | P-75-17 | |
| **Subject:** | **Sanctuary City Resolution** | | Page: 1 of 3 |

## Sanctuary City Resolution

On February 21, 2017 the Rochester City Council approved Resolution 2017-5, commonly referred to as the "Sanctuary City Resolution." The Resolution takes effect on March 23, 2017. The original resolution making Rochester a "City of Sanctuaries" passed City Council in 1986. The updated version uses language consistent with today's terminology, and states that City resources will not be used to create a registry based on a person's national origin, race, religion or otherwise, and consistent with the 1986 resolution, that City personnel shall not inquire or request proof of immigration status or citizenship when providing services or benefits, unless specifically required to do so by law.

It is important to note that the resolution stipulates that we will comply with all applicable Federal and New York State laws. The full text of the new resolution is attached to G.O. 502, *Equitable Policing* (formerly titled *Bias Based Policing*).

A key section of the Resolution is below:

3. The Police Department shall not engage in certain activities solely for the purpose of enforcing federal immigration laws, including not inquiring about the immigration status of an individual, including a crime victim, a witness, or a person who calls or approaches the police seeking assistance, unless necessary to investigate criminal activity, and shall not stop, question, interrogate, investigate, or arrest an individual based solely on actual or suspected immigration or citizenship status….

While RPD does not get involved in immigration enforcement, the resolution will, among other things, regulate and in some cases restrict our interaction with Customs and Border Protection (CBP) and Immigration and Customs Enforcement (ICE). In order to implement the Sanctuary City Resolution and ensure compliance, we are renaming and reissuing G.O. 502 with substantial updates. There are also minor updates to G.O. 518, *Criminal History Security*; G.O. 520, *Prisoner Transporting & Processing*; and G.O. 585, *Arrests*. There have also been minor updates to Training Bulletin P-42-03, *Bias-Based Profiling*, which will be reissued as P-42-17.

*All RPD employees must review these general orders and ensure compliance.* Some significant new points in these general orders are summarized in this Training Bulletin.

Any questions regarding the Sanctuary City Resolution and these General Orders should be submitted to the Research and Evaluation Section.

### G.O. 502—*Equitable Policing*

- Members *may respond to assist CBP or ICE in situations involving an imminent threat to life or safety* (e.g., a call for back-up assistance, "officer in trouble," response to a crime in progress, etc.).

- Members will *not* engage in police activities *solely for the purpose of enforcing federal immigration laws or policies*.

- Members will not inquire about the immigration status of an individual, including a crime victim, a witness, or a person who calls or approaches the police seeking assistance, *unless there is a specific and articulable need to do so to investigate <u>criminal</u> activity*.

- If the *only* criminal charge being investigated is False Personation or Criminal Impersonation 2nd Degree, members may contact CBP or ICE to help ascertain the identity of a person only after all other available means to ascertain the true identity have been tried and have failed.

- Members will *not* detain or turn over to CBP or ICE a person named in a <u>*civil* immigration *detainer*</u>, and *will not assist* CBP or ICE in taking such persons into custody.

- Members *may* detain and turn over to CBP or ICE a person named in a *judicial warrant or federal criminal arrest warrant*, and *may* assist CBP, ICE, and other federal law enforcement officials in making a *lawful warrantless arrest for a federal crime*.

- Members *will not request immigration documents* but may accept and review them if voluntarily offered by a person in response to a request for proof of identity:
  o during an arrest, traffic stop, or investigative detention; and,
  o for purposes of issuing an appearance ticket or setting pre-arraignment bail.

- In non-emergency situations, contact with CBP or ICE must be authorized in advance by Captain or above during business hours, or the SDO during non-business hours. All such contacts require a *specific and articulable need for a <u>criminal</u> investigation*. *See* § V. F for procedures.

- All contact and activities with CBP and ICE must be documented. *See* § V. H for procedures.

2

➤ Some of these procedures do not apply to members assigned to federal law enforcement task forces, or to a joint investigation or task force investigation in which CBP or ICE is participating. RPD employees assigned to MCAC may respond to requests for information from CBP or ICE in accordance with MCAC policies and procedures. Review G.O. 502 for details.

### G.O. 518 — *Criminal History Records Security*

➤ Attachment B has been updated to clarify that CBP and ICE are authorized to review RPD Criminal History Folders.

### G.O. 520 — *Prisoner Transporting & Processing*

➤ The instructions for completing the RMS Prisoner Data Report have been modified to eliminate the "Citizen" field.

### G.O. 570 — *Field Interview/Intelligence Information Form (FIF)*

➤ The FIF will be used to document all contacts and requests to U.S. Customs and Border Protection (CBP) and U.S. Immigration and Customs Enforcement (ICE) for assistance, and all requests from CBP or ICE for RPD assistance. *See* G.O. 502, Equitable Policing, § V.H.

### G.O. 585 — *Arrest*

➤ The following language has been added to § III.J regarding diplomatic immunity:

The general policy of the City of Rochester and RPD is to not ask persons who are detained or arrested about their citizenship or immigration status. *See* G.O. 502, *Equitable Policing*. However, if a detained or arrested person volunteers that he or she is a foreign national either verbally or by providing documentation, or asks to be allowed to contact his or her embassy or consulate, members will follow the procedures as listed in § III.J regarding diplomatic or consular immunity.