# City of Rochester

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Patrick Beath**
Corporation Counsel

June 17, 2025

VIA ECF
Hon. Frank P. Geraci, Jr.
United States District Judge
Western District of New York
United States Courthouse
100 State Street
Rochester, New York 14615

      Re:    *United States v. City of Rochester*, Case No. 6:25-cv-06226 (FPG)

Dear Judge Geraci:

      We represent the Defendants City of Rochester et al. (the "City") and Proposed Intervenor-Defendants ("Intervenors") in the above-captioned case. We write jointly to move the Court for an adjournment of the briefing schedule on the City's Motion for Judgment on the Pleadings (ECF No. 8) until after Proposed Intervenor-Defendants' motion to intervene (ECF No. 9) is decided. Should the Court grant the motion to intervene, we further request that the City's motion for judgment on the pleadings under Rule 12(c) may then be briefed concurrently with Intervenor-Defendants motion to dismiss under Rule 12(b)(6). On June 6, 2025, counsel for the City proposed coordinating these briefing schedules to the United States. On June 11, 2025, counsel for the United States responded that they opposed this proposal.

      Briefing the City's and Intervenors' Rule 12 motions together will aid the Court's adjudication of the common legal questions presented while promoting efficiency and avoiding prejudice to any party. To provide for the rigorous treatment of questions before courts and to avoid prejudice to proposed intervenors, "it will normally be the better practice for a district court to rule on a pending motion to intervene before ruling on the merits of pending litigation." *Drywall Tapers & Pointers of Greater New York, Loc. Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94 (2d Cir. 2007). Briefing these two motions together makes sense. "The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Consumer Fin. Prot. Bureau v. MacKinnon*, No. 16-CV-880-FPG, 2018 WL 324419, at *1 (W.D.N.Y. Jan. 8, 2018). The City's Rule 12(c) motion and Intervenors' proposed Rule 12(b)(6) motion are each based on the United States' complaint and address common questions of law, that is, whether Rochester's sanctuary policies are conflict pre-empted by federal immigration law, expressly pre-empted 8 U.S.C. §§ 1373 and 1644, or otherwise unlawfully regulate or discriminate against the federal government. *See generally* ECF No. 8, Exhibit 1; ECF No. 11, Exhibit 6. In addressing these common questions of law, the two dispositive motions also provide unique perspectives that will "significantly contribute to . . . the just and equitable adjudication of the legal questions presented." *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *5

(S.D.N.Y. Sept. 23, 2020) ("*Bldg. & Realty Inst.*") (setting coordinated briefing schedule on state defendants' and intervenor-defendants Rule 12 motions while intervention motion was pending and granting permissive intervention prior to addressing both Rule 12 motions). For example, the City's Rule 12(c) motion uniquely discusses the role of the sanctuary policies in supporting a broad and cohesive local regulatory scheme (ECF No. 8, Exhibit 1 at 10-12), while Intervenors' 12(b)(6) motion addresses how the United States' interpretation of federal immigration law would compel Rochester police officers to violate state law and the Fourth Amendment and more extensively addresses how the United States' interpretation violates the Tenth Amendment (ECF No. 11, Exhibit 6 at 13-17).

At the same time, the United States will suffer no prejudice nor will the case be "*unduly* delay[ed]" if these briefing schedules are coordinated after the motion to intervene is decided. *Bldg. & Realty Inst.*, 2020 WL 5658703 at *8 (emphasis in original). The United States and the City have jointly requested from Magistrate Judge Pederson a stay of discovery and an adjournment of the Rule 16 conference pending the disposition of the City's motion for judgment on the pleadings. ECF No.18. The United States has not requested any preliminary relief in this case, nor yet filed any dispositive motion of its own. Coordinating the briefing schedules on the City's and Intervenors' Rule 12 motions will only have the effect of giving the United States more time to research and draft their oppositions to these dispositive motions—the very opposite of prejudice. Moreover, this case is one of at least four very similar lawsuits in which the United States is challenging the sanctuary policies of a state or local government, including one case in the Eastern District of Illinois where motions to dismiss have been fully briefed since April 29. *See United States v. Illinois*, No. 1:25-CV-01285, ECF Nos. 24-35, 50, 76-80 (N.D. Ill.)*; see also United States v. City of Newark*, Case 2:25-CV-05081 (D.N.J. May 22, 2025); *United States v. Colorado*, No. 1:25-CV-01391 (D. Colo. May 2, 2025). Deciding the intervention motion prior to briefing the Rule 12 motions may afford the parties and the Court the benefit of a decision of a sister district court on the issues at stake here.

We thank the Court for its consideration.

Respectfully submitted,

*/s/*
Patrick Beath
James H. Kieburtz
CITY OF ROCHESTER
30 Church Street, Room 400A
Rochester, New York 14614
patrick.beath@cityofrochester.gov
james.kieburtz@cityofrochester.gov

*Counsel for Defendants*

*/s/*
Amy Belsher
Gabriella Larios
Ifeyinwa Chikezie
Perry Grossman
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
abelsher@nyclu.org
glarios@nyclu.org
ichikezie@nyclu.org
pgrossman@nyclu.org

*Counsel for Proposed Intervenor-Defendants*

cc:  Alessandra Faso
U. S. Department of Justice - Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Alexandra McTague
U. S. Department of Justice - Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Glenn Matthew Girdharry
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
Liberty Square Building, 450 5th Street NW, Suite 5052
Washington, DC 20001