UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,

        Plaintiff,

  v.

THE CITY OF ROCHESTER ET AL,

        Defendants.

No. 6:25-cv-06226-FPG-MJP

**PROPOSED JOINT DISCOVERY PLAN**

## PRE-DISCOVERY

**1.    Counsel.**

Alexandra McTague and Alessandra Faso will appear on behalf of the Plaintiff. Attorney McTague can be reached at (202) 718-0483 or via email at alexandra.mctague2@usdoj.gov. Attorney Faso can be reached at (202) 305-9855 or via email at alessandra.faso@usdoj.gov.

Patrick Beath and James "Hal" Kieburtz will appear in person on behalf of Defendants City of Rochester, Mayor Malik D. Evans, Rochester City Council, and Council President Melendez (collectively, "City Defendants").

Perry Grossman, Gabriella Larios, Ify Chikezie, and Amy Belsher will appear on behalf of Intervenor-Defendants Third Presbyterian Church, Ibero-American Action League, Inc., New Hope Free Methodist Church, and Western New York Coalition of Farmworker Serving Agencies (collectively, "Intervenor-Defendants"). Perry Grossman can be reached at (212) 607-3347 or via email at pgrossman@nyclu.org. Gabriella Larios can be reached at 212-607-3354. Ify Chikezie can be reached at (212) 607-3300 or via email at ichikezie@nyclu.org. Amy Belsher can be reached at 212-607-3300 or via email at abelsher@nyclu.org.

**2.    Rule 26 meeting.**

The parties met and conferred via videoconference on Monday, June 23, 2025. Alexandra McTague and Alessandra Faso appeared on behalf of the Plaintiff. James "Hal" Kieburtz and Madison Dobson appeared on behalf of the Defendants. Perry Grossman, Ify Chikezie, and Amy Belsher appeared on behalf of the proposed Intervenor-Defendants, the Ibero-American Action League, the Western New York Coalition of Farmworker Serving Agencies, the Third Presbyterian Church, and the New Hope Free Methodist Church. Counsel for the Plaintiff objected to the presence of counsel for the proposed Intervenor-Defendants at the conference because they are not parties to this action where their motion to intervene is pending and which the Plaintiff opposes.

**3.    Summary of claims.**

Plaintiff brings this action challenging the City of Rochester's Sanctuary City law and policies, which are preempted by and in conflict with federal law. The challenged law and policies include Resolution 2017-5, "Resolution Affirming that Rochester is a Sanctuary City," General

Order 502, and Training Bulletin No. P-75-17. Through the Sanctuary City law and policies, the City of Rochester restricts the sharing of information between federal and local law enforcement officials in contravention of federal law, and rejects Congress's authorization that aliens may be apprehended through civil arrest warrants for immigration enforcement.

The Supremacy Clause of the United States Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Plaintiff brings three claims for relief on federal preemption grounds.

*First*, Rochester's Sanctuary City law and policies are expressly preempted by the requirements of 8 U.S.C. §§ 1373 and 1644, requirements that local governments not prohibit or restrict information sharing with federal immigration officials regarding the citizenship or immigration status of any individual. Rochester's Sanctuary City law and policies are also conflict preempted because they "stand[] as an obstacle to the accomplishment and execution" of the enforcement of federal immigration laws by limiting information sharing, cooperation, access, and the types of warrants honored. *Arizona v. United States*, 567 U.S. 387, 406 (2012) (citation omitted).

*Second*, the City of Rochester's enforcement of their Sanctuary City law and policies discriminates against the Federal Government, as Resolution No. 2017-5, General Order 502, and Training Bulletin No. P-75-17 single out federal immigration officials, expressly and impliedly, for unfavorable and uncooperative treatment when other law enforcement officials are not so treated. Accordingly, Rochester's Sanctuary City law and policies violate the Doctrine of Intergovernmental Immunity.

*Third*, the City of Rochester's enforcement of their Sanctuary City law and policies effects direct regulation of the Federal Government. By refusing to honor civil detainers and warrants expressly authorized by Congress, Defendants have unlawfully eliminated these means for federal immigration officials to carry out their statutory functions.

Plaintiff requests that this Court enter a judgment declaring that Resolution No. 2017-5, General Order 502, and Training Bulletin No. P-75-17 violate 8 U.S.C. §§ 1373 and 1644 and are preempted by those laws and issue preliminary and permanent injunctions that prohibit Defendants as well as their successors, agents, and employees, from enforcing Resolution No. 2017-5, General Order 502, and Training Bulletin No. P-75-17.

City Defendants deny each and every of Plaintiff's claims. City Defendants assert that its laws and policies are not preempted by federal law. Likewise, City Defendants assert that its laws and policies do not discriminate against or regulate the federal government.

Intervenor-Defendants are two churches and two community-based organizations that rely on City Defendants' challenged laws and policies to offer programs and ministries that work with Rochester's immigrant communities. Intervenor-Defendants seek to join this action to defend City Defendants' challenged laws and policies. Intervenor-Defendants also assert that the City's sanctuary policies are not preempted by federal law and neither discriminate against nor regulate the federal government.

**4.    Summary of discovery exchanged.**

No discovery was exchanged before the Rule 16 conference.

**5.    ESI discussions.**

The attorneys have discussed the topic of ESI and do not anticipate the production of ESI at this time. The parties will revisit the issue should the need arise.

**6.    Protective orders.**

The attorneys have discussed the necessity of a protective order and anticipate that a protective order in some form will be required, to include restrictions on access and procedures for the claw back of inadvertently produced privileged material. The parties anticipate they will submit a draft protective order to the Court for approval by July 25, 2025.

**7.    Magistrate Judge jurisdiction.**

The parties do not consent to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## PHASE 1 DISCOVERY

**8.     Initial disclosures.**

The parties will complete initial disclosures by August 20, 2025.

**9.     Mediation.**

a.     The parties shall complete preliminary discovery necessary for a settlement conference or mediation by October 20, 2025.

b.     The parties propose to select a mediator by August 25, 2025, and propose that the initial mediation session take place on or about Tuesday, October 28, 2025.

c.     The Plaintiff notes that it will most likely file a mediation opt-out motion because the issues in this case are primarily legal in nature. Likewise, City Defendants are considering a mediation opt-out motion and Intervenor-Defendants have informed the City Defendants that they would join in City Defendants' mediation opt-out motion.

**10.    Limitations on discovery.**

The Plaintiff proposes limitations on discovery as follows: 5 fact depositions per side and 25 interrogatories per side. If the court grants the intervenor's motion to intervene, then the Plaintiff proposes 5 fact depositions of the defendants as a group, 5 fact depositions of the plaintiff, and 5 fact depositions of the intervenors as a group, and 35 interrogatories per side.

Defendants, including Proposed Intervenor-Defendants, agree that interrogatories and depositions may be limited by side rather than by party, but otherwise propose 10 depositions per side and additional depositions with leave of court, consistent with Federal Rule of Civil Procedure 30. Defendants otherwise agree to the Plaintiff's proposed limitations on interrogatories.

## PHASE 2 DISCOVERY

**11.    Motions to amend or join parties.**

The parties will file motions to amend or join parties by Wednesday, January 14, 2026.

**12.    Close of fact discovery.**

Fact discovery shall close on Friday, February 13, 2026.

**13.    Motions to compel.**

The parties will file motions to compel by Friday, February 27, 2026.

5

14. **Experts.**

At this time the parties do not anticipate using experts. However, in an abundance of caution, the parties propose the following dates for expert discovery should the need arise. The parties will exchange opening expert reports (including all information identified in Fed. R. Civ. P. 26(a)(2)(B)) by Tuesday, March 31, 2026, the parties will exchange rebuttal expert reports on Tuesday, April 28, 2026, and expert discovery shall close on May 29, 2026.

15. **Dispositive motions.**

The parties will file dispositive motions by Wednesday, July 15, 2026.

16. **Trial.**

Defendants intend to request a jury trial. The parties anticipate that the estimated length of trial will be two weeks.

DATED: June 24, 2025

PATRICK BEATH
Corporation Counsel

By: s/ *James "Hal" Kieburtz*
James "Hal" Kieburtz, Esq., Of Counsel
30 Church Street, Room 400A
Rochester, NY 14614
Tel.:  (585) 428-6758

*Attorneys for City Defendants*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
GLENN M. GIRDHARRY
Acting Deputy Director
ALEXANDRA MCTAGUE
Senior Litigation Counsel

By: s/ *Alessandra Faso*
ALESSANDRA FASO
Acting Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-9855
Email: alessandra.faso@usdoj.gov

*Attorneys for the United States*