UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

CIVILITY PRINCIPLES AND GUIDELINES

PREAMBLE

A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling our duty to represent a client vigorously as lawyers, we will be mindful of our obligations to the administration of justice, which is a truth- seeking process designed to resolve human and societal problems in a rational, fair, and efficient manner.

A judge's conduct should be characterized at all times by courtesy and patience toward all participants.  As judges, we owe to all participants in a legal proceeding respect, diligence, punctuality, and protection against unjust and improper criticism or attack.

Conduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, fairly, and efficiently. Such conduct tends to delay and often to deny justice.

The following Guidelines are designed to encourage us, judges and lawyers, to meet our obligations to each other, to litigants and to the system of justice, and thereby achieve the twin goals of civility and professionalism, both of which are hallmarks of a learned profession dedicated to public service.

We encourage judges, lawyers and clients to make a mutual and firm commitment to these Guidelines.

We support the principles espoused in the following Guidelines, but under no circumstances should these Guidelines be used as a basis for litigation or for sanctions or penalties.

**Lawyers' Duties to Other Counsel**

1.  We will practice our profession with a continuing awareness that our role is to zealously advance the legitimate interests of our clients.  In our dealings with others, we will not reflect the ill feelings of our clients.  We will treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications, including social media.  We will refrain from acting upon or manifesting bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status toward any participant in the legal process.

2. We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties, or witnesses. We will abstain from disparaging personal remarks or acrimony toward other counsel, parties, or witnesses. We will treat adverse witnesses and parties with fair consideration.

3. We will not encourage or knowingly authorize any person under our control to engage in conduct that would be improper if we were to engage in such conduct.

4. We will not, absent good cause, attribute bad motives or improper conduct to other counsel.

5. We will not lightly seek court sanctions.

6. We will in good faith adhere to all express promises and to agreements with other counsel, whether oral or in writing, and to all agreements implied by the circumstances or local customs.

7. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide other counsel the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to other counsel's attention. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition. This requirement may be satisfied by the use of legal redline or blackline.

8. We will endeavor to confer early with other counsel to assess settlement possibilities. We will not falsely hold out the possibility of settlement to obtain unfair advantage.

9. In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

10. We will not use any form of discovery or discovery scheduling as a means of harassment.

11. Whenever circumstances allow, we will make good faith efforts to resolve by agreement objections before presenting them to the court.

12. We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

13. We will not request an extension of time solely for the purpose of unjustified delay or to obtain unfair advantage.

14. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

15. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel.

16.  We will promptly notify other counsel and, if appropriate, the court or other persons, when hearings, depositions, meetings, or conferences are to be canceled or postponed.

17.  We will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided our clients' legitimate rights will not be materially or adversely affected.

18.  We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity, unless the rules provide otherwise.

19.  We will take depositions only when actually needed.  We will not take depositions for the purpose of harassment or other improper purpose.

20.  We will not engage in any conduct during a deposition that would not be appropriate in the presence of a judge.

21.  We will not obstruct questioning during a deposition or object to deposition questions unless permitted under applicable law.

22.  During depositions, we will ask only those questions we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action.

23.  We will carefully craft document production requests so they are limited to those documents we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action. We will not design production requests to place an undue burden or expense on a party, or for any other improper purpose.

24.  We will respond to document requests reasonably and not strain to interpret requests in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.  We will not produce documents in a manner designed to hide or obscure the existence of particular documents, or to accomplish any other improper purpose.

25.  We will carefully craft interrogatories so they are limited to those matters we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action, and we will not design them to place an undue burden or expense on a party, or for any other improper purpose.

26.  We will respond to interrogatories reasonably and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information, or for any other improper purpose.

27.  We will work cooperatively with all counsel on e-discovery issues, and, if necessary, involve information technology personnel to collaborate on e-discovery issues.

28.  We will base our discovery objections on a good faith belief in their merit and will not object solely for the purpose of withholding or delaying the disclosure of relevant information, or for any other improper purpose.

29. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

30. We will not ascribe a position to another counsel that counsel has not taken.

31. Unless permitted or invited by the court, we will not send copies of correspondence among counsel to the court.

32. We will accept primary responsibility, after consultation with the client, for making decisions about procedural agreements. We will explain to our clients that cooperation among counsel in such matters is the professional norm and may be in the clients' interests. We will explain the nature of the matter at issue in any such proposed agreements and explain how such agreements do not compromise the clients' interests.

33. Nothing contained in these Guidelines is intended nor shall these Guidelines be construed to inhibit vigorous advocacy, including vigorous cross-examination.

## Lawyers' Duties to the Court

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not knowingly misrepresent mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court.

6. We will not communicate *ex parte* with the court, including the judge's staff, on substantive matters in pending actions, except in an emergency situation or when permitted by the court or by law.

7. Before dates for hearings or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

8.  We will act and speak civilly to court marshals, clerks, court reporters, probation staff, judicial assistants, and law clerks with awareness that they, too, are an integral part of the judicial system.

## Court's Duties to Lawyers

1.  We will be courteous, respectful, and civil to lawyers, parties, and witnesses. We will maintain control of the proceedings, recognizing that judges have both the obligation and the authority to insure that all litigation proceedings are conducted in a civil manner.

2.  We will not employ hostile, demeaning, or humiliating words in opinions or in written or oral communications with lawyers, parties, or witnesses.

3.  We will be punctual in convening all hearings, meetings, and conferences; if delayed, we will notify counsel, if possible.

4.  In scheduling all hearings, meetings and conferences, we will be considerate of time schedule of lawyers, parties, and witnesses.

5.  We will make all reasonable efforts to decide promptly all matters presented to us for decision.

6.  We will give the issues in controversy deliberate, impartial, and studied analysis and consideration.

7.  While endeavoring to resolve disputes efficiently, we will be considerate of the time constraints and pressures imposed on lawyers by the exigencies of litigation practice.

8.  We recognize that a lawyer has a right and a duty to present a cause fully and properly, and that a litigant has a right to a fair and impartial hearing. Within the practical limits of time, we will allow lawyers to present proper arguments and to make a complete and accurate record, and to present a case free from unreasonable or unnecessary judicial interruption.

9.  We will not impugn the integrity or professionalism of any lawyer on the basis of the clients whom or the causes which a lawyer represents.

10.  We will do our best to insure that court personnel act civilly toward lawyers, parties, and witnesses.

11.  At an appropriate time and in an appropriate manner, we will bring to a lawyer's attention conduct that we observe that is inconsistent with these standards.

**Judges' Duties to Each Other**

1.  We will be courteous, respectful, and civil in opinions, ever mindful that a position articulated by another judge is the result of that judge's earnest effort to interpret the law and the facts correctly.

2.  In all written and oral communications, we will abstain from disparaging personal remarks or criticisms, or sarcastic or demeaning comments about another judge.

3.  We will endeavor to work with other judges in an effort to foster a spirit of cooperation in our mutual goal of enhancing the administration of justice.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

APPENDIX TO CIVILITY PRINCIPLES

OATH OF OFFICE

I do solemnly swear (or affirm):

I will support the Constitution of the United States and the Constitution of the State of New York; I will maintain the respect due to Courts of Justice and judicial officers;

I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust nor any defense that I do not believe to be honestly debatable under the law of the land;

In maintaining the causes confided to me, I will employ only means that are honorable, and will never seek to mislead the judge or jury by an artifice or false statement of fact or law;

I will maintain the confidences and preserve inviolate the secrets of my client, and will accept compensation solely from the client or a third-party with the knowledge and approval of the client;

I will abstain from all offensive behavior and advance no fact prejudicial to the honor and reputation of a party or witness, unless my ethical duty requires;

I will in all other respects conduct myself personally and professionally in conformity with the high standards of conduct imposed upon members of the bar who practice law in this State and before this Court.

*Philip Levitz*
_____
(Signature)