UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　v.<br><br>THE CITY OF ROCHESTER *et al.*,<br><br>　　　　Defendants. | No. 6:25-cv-06226-FPG-MJP<br><br>**OPPOSITION TO JOINT MOTION TO ADJOURN BRIEFING** |

## INTRODUCTION

　　The United States filed this lawsuit against the City of Rochester seeking to end its illegal local laws and policies that conflict and interfere with duly enacted federal immigration enforcement laws. Two weeks after filing an Answer to the Complaint, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See* ECF No. 6, ECF No. 8. That same day, religious and community organizations represented by the New York Civil Liberties Union moved to intervene in the case, alleging that they shared legal theories with Defendants, but also had additional perspectives and a purportedly better case strategy than the City of Rochester, and should be allowed to intervene for those reasons. *See* ECF No. 10 at 15, 16, 24. In moving to intervene on a permissive basis, the Proposed Intervenors claimed their presence in the litigation would not cause undue delay. *Id.* at 15.

　　Now, the Proposed Intervenors seek to do exactly what they claimed they would not: unduly delay the litigation. The Defendants and Proposed Intervenors have jointly moved this Court to delay briefing on substantive issues in favor of litigating the permissive intervention motion. The Court should decline to do so. The Court is not required to delay merits briefing in favor of a motion for permissive intervention; nor have the Defendants and Proposed Intervenors

1

established good cause to deviate from the Court's briefing schedule. Instead, they assume permissive intervention will be granted and assert that a delay in the case now will support judicial efficiency later without prejudice to anyone. The United States disagrees. There is no efficiency from delay. Briefing can proceed as ordered by the Court, particularly given that the Defendants and Proposed Intervenors agree they are asserting the same legal theories. Nor should the case be delayed in view of unrelated litigation in other jurisdictions pertaining to different local and state laws. Further, the United States believes that permissive intervention is inappropriate on the facts here. Ultimately, the City of Rochester's sanctuary city laws and policies are illegal because they squarely conflict with federal law and should be enjoined. By requesting an adjournment of the briefing schedule, the Defendants and Proposed Intervenors are seeking to delay a decision on the illegality of those laws and policies as long as possible. The United States, on the other hand, is prepared to litigate this case promptly and efficiently. The Court should therefore deny the motion.

## ARGUMENT

The Court should deny Defendants' and Proposed Intervenors' motion to adjourn briefing on Defendants' Rule 12(c) motion for judgment on the pleadings for the following reasons:

1.  On June 5, 2025, this Court set a reasonable briefing schedule for the Defendants' 12(c) motion and the Proposed Intervenors' permissive intervention motion (which included a proposed motion to dismiss). ECF Nos. 15, 16. In setting the schedule, the Court considered the legal issues presented in the Defendants' and Proposed Intervenors' motions and determined that briefing on both motions should proceed, rather than delaying briefing on Defendants' motion to first hear the Proposed Intervenors' motion. Although the Defendants and Proposed Intervenors assert that a briefing delay will afford the United States more time to respond to the 12(c) motion (ECF No. 20 at 2), the current briefing schedule is reasonable and should be maintained.

2. Neither Defendants nor Proposed Intervenors provide any good cause or reasoning that would require briefing and a decision from the Court on a permissive intervention motion to precede the parties' briefing on the 12(c) motion. The Proposed Intervenors seek permissive intervention under Fed. R. Civ. P. 24(b), not intervention of right under Fed. R. Civ. P. 24(a). Permissive intervention is a discretionary determination made by the trial court, which under Second Circuit law should consider factors such as the potential for undue delay, the proposed intervenors' interest in the litigation, whether their interests are adequately represented by a litigant, and whether they will contribute to development of the underlying factual issues in the lawsuit. *See U.S. Postal Service v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978). The Defendants and Proposed Intervenors cite no authority for the proposition that a case cannot proceed while a permissive intervention motion is pending, relying instead on a partial quote from *Drywall Tapers & Pointers of Greater New York, Loc. Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc.,* 488 F.3d 88, 94 (2d Cir. 2007)*.* In that case, there was a 25-year dispute between contractors and unions over who could be employed for particular jobs. *See id.* at 90-91. The proposed intervenor union had a financial interest in the outcome of the case and sought to intervene as a matter of right. *Id.* at 92. While that motion was pending, the parties reached a settlement, and the court entered a consent judgment, both of which excluded the rights of the proposed intervenor. *See id*. When the union intervenor tried to appeal the settlement and consent judgment, the appeal stripped the district court of jurisdiction to decide the motion to intervene, creating a jurisdictional "Catch-22." *Id.* at 94-95. Ultimately the Second Circuit remanded the case to resolve the jurisdictional issue. *See id* at 95. *Drywall Tapers* is not on point because it concerned a motion for intervention of right, whereas here, the Proposed Intervenors' motion seeks permissive intervention, which is discretionary. Furthermore, the unique factual scenario creating the

appellate "Catch-22" of *Drywall Tapers* is not present here. Thus, the Proposed Intervenors have provided no authority to delay briefing in their favor here.

3.	As will be further argued in the United States' opposition to the motion to intervene, permissive intervention is not appropriate here because it will cause undue delay, the intervenors' interests are too remote to have any bearing on the litigation, and to the extent they do have any interests that overlap with Defendants' interests, Defendants will adequately represent those interests. Defendants' and Proposed Intervenors' joint motion to hold or adjourn briefing only supports denial of the intervention request. Rule 24(b) requires that in exercising its discretion, "the court *must* consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b) (emphasis added). Here, intervention has not been granted, and yet, the Defendants and Proposed Intervenors already seek to delay the litigation because of (potential) intervention. The Court should deny the request.

4.	The adequate representation issue is also apparent from the joint motion to adjourn briefing. The Defendants and Proposed Intervenors admit that the 12(c) motion and the proposed 12(b)(6) motion "address common questions of law." ECF 20 at 1. There is no reason to delay the litigation pending a decision on the motion to intervene when the proposed intervenors' interests are already adequately represented on those common questions of law. *See Kearns v. Cuomo*, No. 1:19-cv-902-EAW, 2019 U.S. Dist. LEXIS 175384 at *19 (W.D.N.Y. Oct. 9, 2019) (declining to exercise discretion to allow permissive intervention where "the ultimate objective of the … proposed intervenors is being vigorously and competently pursued by Defendants"). An additional motion on the same issues amounts to more pages of briefing, nothing more. And although the joint adjournment motion argues that the Proposed Intervenors' proposed 12(b)(6) motion provides "unique perspectives," concerning the Fourth and Tenth Amendments, those perspectives are

based on incorrect factual assumptions about the federal government's intent to conscript state officers. Further, there is no suggestion that the Proposed Intervenors—churches and advocacy organizations—have any particular or unique knowledge of relevant facts, such as the scope and enforcement of the local laws and policies at issue. Rather, the Proposed Intervenors suggest their members benefit from the comfort and assurances those laws and policies provide by shielding them from federal immigration enforcement efforts. Such facts are irrelevant to the resolution of the legal issues in this case. *See Kearns*, 2019 U.S. Dist. LEXIS 175384 at *18-19 (declining to exercise discretion to allow permissive intervention because "the resolution of the pending motions will be driven by a legal analysis and application of the law—as opposed to the policy considerations advanced by the RMM et al. proposed intervenors in their motion papers"). At most, they weigh in favor of Proposed Intervenors' participation instead as *amici curiae*—and the United States would not object to a timely *amicus* brief.

5. The Defendants and Proposed Intervenors argue that there is no prejudice to the United States from the delay. That is incorrect. As explained in the Complaint, the City of Rochester's Sanctuary City laws and policies are facially invalid, violate federal law, discriminate against and seek to regulate the authority and operations of federal immigration agencies, and allow the release of criminals who should be removed from the country but will instead commit further crimes in the United States. Enforcement of those local laws and policies violates the Constitution and federal laws and must be enjoined. Indeed, the United States intends to cross-move for judgment on the pleadings in response to the Defendants' motion. Any delay of briefing is a delay of the resolution of this lawsuit, to the prejudice of the United States (not to mention the public at large).

6. Finally, Defendants and Proposed Intervenors argue that a delay is warranted because there are similar cases pending in other jurisdictions inside and outside the State of New York. Each jurisdiction has its own local laws and policies. Potential rulings in other district courts on other local or state laws will not have any preclusive effect on the litigation over Rochester's laws and policies at issue in this case. And it is well established that there are benefits from different courts addressing important legal issues (*i.e.*, percolation), even to the extent the legal issues overlap or "short-term disuniformity" ensues. *New York v. Pruitt*, No. 18-CV-1030 (JPO), 2018 U.S. Dist. LEXIS 88832, at *13 (S.D.N.Y. May 29, 2018). The United States is prepared to proceed with this litigation. The Court should reject the Defendants' and Proposed Intervenors' attempt to delay it.

## CONCLUSION

Accordingly, the United States requests that this Court deny the motion to adjourn briefing.

DATED: July 2, 2025                                   Respectfully submitted,

                                                                BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

ALESSANDRA FASO
Acting Assistant Director

By : *s/ Alexandra McTague*
ALEXANDRA MCTAGUE
Senior Litigation Counsel
United States Department of Justice
Civil Division

Office of Immigration Litigation
General Litigation and Appeals
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 718-0483
Alexandra.mctague2@usdoj.gov
*Attorneys for the United States*