# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>v.<br><br>The City of Rochester, *et al.*,<br><br>      Defendants. | Case No. 6:25-cv-06226-FPG-MJP<br>Judge Frank Paul Geraci, Jr. |

## <u>IMMIGRATION LAW REFORM INSTITUTE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMICUS BRIEF</u>

Mitchell P. Snyder
PO Box 147
Clarence, NY 14031
716-901-1931
MitchPaulSnyder@gmail.com


Attorneys for *Amicus Curiae*
Immigration Law Reform Institute

The Immigration Law Reform Institute ("IRLI"), by and through undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion for Leave to File Amicus Brief.

Courts have broad discretion to grant or deny parties leave to file *amicus* briefs. *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F.Supp.2d 295, 311 (W.D.N.Y. 2007). Where the Local Rules and Federal Rules of Civil Procedure are silent as to governing standards for *amicus* briefs, "district courts have looked to Rule 29 of the Federal Rules of Appellate Procedure for guidance." *Kistler v. Black*, 2023 U.S. Dist. Lexis 12491, *3 (Dist. Conn. 2023). That is, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of IRLI's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment.

An *amicus* brief "should normally be allowed… when the *amicus* has unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." *Citizens Against Casino Gambling*, 471 F.Supp.2d at 311, *quoting*, *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997). As explained below, IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has, for decades, litigated or filed amicus briefs in a wide variety of immigration-related cases.

As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed

briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133, *see also*, *Kistler*, 2023 U.S. Dist. LEXIS 12491, * 4 (same, *citing Neonatology Associates*).

In furtherance of this motion, *amicus* IRLI states as follows:

1. IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years, the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization. For these reasons, IRLI has direct interests in the issues here.

2. The proffered *amicus* brief discusses the issues of liberty interest(s) and due process not fully addressed by the parties and supplements their discussion of those issues, including:

   - Whether Rochester's sanctuary policies are preempted by federal immigration law;
   - Whether Rochester's sanctuary policies are conflict or obstacle preempted by federal immigration law; and
   - Whether Rochester's sanctuary policies make it impossible for local law enforcement

2

officials to comply with both Rochester's policies and federal law prohibiting the harboring or shielding of illegal aliens.

3. Because these issues are relevant to this Court's decision, IRLI's brief may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant its Motion for Leave to file a brief as *amicus curiae*.

Dated: July 22, 2025
Respectfully submitted,

/s/ Mitchell P. Snyder
Mitchell P. Snyder
PO Box 147
Clarence, NY 14031
716-901-1931
MitchPaulSnyder@gmail.com

Attorneys for *Amicus Curiae*
Immigration Law Reform Institute

## CERTIFICATE OF CONFERRAL

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. Plaintiffs have indicated that they do not oppose it.

Dated: July 22, 2025                           /s/ Mitchell P. Snyder

## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of July 2025, I electronically filed the foregoing motion—together with its accompanying *amicus* brief—with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of the parties' counsel.

Dated: July 22, 2025          /s/ Mitchell P. Snyder