UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

THE UNITED STATES OF AMERICA,

                         Plaintiff,

                                                      Case # 25-CV-6226-FPG

v.

                                                       DECISION & ORDER

THE CITY OF ROCHESTER, *et al.*,

                         Defendants.
───────────────────────────────────

In this action, the United States challenges the City of Rochester's Sanctuary City policies on Supremacy Clause grounds. ECF No. 1. Non-parties Third Presbyterian Church, Ibero-American Action League, Inc., New Hope Free Methodist Church, and Western New York Coalition of Farmworker Serving Agencies, are organizations that wish to "defend Rochester's sanctuary policies." ECF No. 10 at 7. Relying on Federal Rule of Civil Procedure 24(b), they seek to intervene permissively in order to have the action dismissed. *Id.* at 30. Defendants consent to intervention; the United States opposes the motion. ECF No. 11 at 1.

Having reviewed the papers, the Court concludes that granting the intervenors leave to appear as *amici curiae*, and to file a brief as such, is sufficient to address their interests. It will otherwise deny the motion to intervene.

"Permissive intervention pursuant to Rule 24(b) is discretionary with the trial court." *Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 417 F. App'x 49, 50 (2d Cir. 2011) (summary order) (internal quotation marks omitted). The district court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," and may consider additional factors, including "the degree to which [the intervenors'] interests are adequately represented by other parties," and "whether parties seeking intervention will

significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.*

Here, the risk of delay and/or prejudice to the current parties is obvious: "[a]dditional parties always take additional time." *British Airways Bd. v. Port Auth. of N.Y. & N.J.*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976). "Even if they have no witnesses of their own, [additional parties] are the source of additional questions, objections, briefs, arguments, motions and the like." *Id.* The present litigation corroborates this general observation, insofar as the intervenors' motion has already spawned a round of additional briefing and adjournment requests. Circuit courts have routinely noted that "amicus participation" is a viable alternative to "intervenor status," since *amici* "often make useful contributions to litigation" without the sorts of delays and procedural complications that can occur from "indiscriminately granting would-be intervenors party status." *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013); *see also, e.g.*, *Louisiana v. Burgum*, 132 F.4th 918, 924 (5th Cir. 2025); *Doe v. Horne*, No. 23-3188, 2024 WL 4119371, at *2 (9th Cir. Sept. 9, 2024). The potential delays and complications are particularly likely in this litigation, which is the subject of national attention and implicates hotly contested immigration debates that are playing out in the public square. The Court is disinclined to "open the floodgates to other requests for permissive intervention by similarly interested parties," which could "delay the litigation and present obstacles to its manageability."[1] *Kearns v. Cuomo*, No. 19-CV-902, 2019 WL 5060623, at *6 (W.D.N.Y. Oct. 9, 2019).

Ultimately, given the availability of that alternative means of participation, the Court sees no significant benefit to allowing permissive intervention. To be sure, given their organizational missions, the intervenors have informed, unique perspectives on the purpose and benefits of

---

[1] Indeed, the Court has already received a request to file an *amicus* brief from another organization. *See* ECF No. 38.

sanctuary policies. *See, e.g.*, ECF No. 10 at 10-14. But the Court is not persuaded that those perspectives would be significantly helpful in light of the limited scope of this litigation: the United States raises Supremacy-Clause claims that are primarily legal in nature and do not rest on the purported benefits and/or costs of sanctuary policies. As a result, the intervenors would not significantly assist the development of the necessary factual record. *Cf. Plumbers of City of New York, Inc. v. City of New York*, No. 23-CV-11292, 2025 WL 579973, at *3 (S.D.N.Y. Feb. 21, 2025) (declining to grant permissive intervention where, though proposed intervenors had deep expertise and knowledge in the relevant subject matter, the legal question presented was a facial preemption challenge). And while the proposed intervenors intend to submit a detailed motion to dismiss, *see* ECF No. 11-6, their papers cover similar ground to those of the City. *Compare* ECF No. 8-1, *with* ECF No. 11-6. Where, as here, third parties "present[] no new questions, [they] can contribute usually most effectively and always most expeditiously by a brief *amicus curiae* and not by intervention." *British Airways*, 71 F.R.D. at 585; *see also Burgum*, 132 F.4th at 924 (stating that, where "the movants express a unique view offered by neither party that they want heard, the proper procedure is to move to appear as *amici curiae*, not to move to intervene" (internal quotation marks omitted)).

Accordingly, the intervenors' motion to intervene (ECF No. 9) is DENIED, except that they are granted leave to appear as *amici curiae* and file an *amicus* brief. All of the intervenors' other requests relating to, or premised on, their intervention, *see, e.g.*, ECF Nos. 12, 20, are DENIED AS MOOT. The motion for leave to file an *amicus* brief by the Immigration Law Reform Institute (ECF No. 38) is likewise GRANTED. Both *amicus* briefs shall be filed by July 30, 2025.

By August 20, 2025, Defendants shall file their reply to their motion/response to the cross-motion. By September 10, 2025, the United States shall file its sur-reply to Defendants'

motion/reply to its cross-motion. The parties' briefing may include responses to any arguments raised by *amici*. Thereafter, the Court will take the motions under advisement, as well as any requests for oral argument.

    IT IS SO ORDERED.

Dated: July 23, 2025
      Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York