UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

                                Plaintiff,

    v.

THE CITY OF ROCHESTER, et al.,

                              Defendants.

**Case No. 25-cv-6226**

**Hon. Frank P. Geraci, Jr.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF 77)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ...........................................................................................................................2

CONCLUSION .........................................................................................................................3

**Table of Authorities**

**Cases**

*Ashcroft v Iqbal*, 556 U.S. 662 (2009) ......................................................................................2

*Goodnough v United States Internal Revenue Serv*., 23-cv-0490-KJD, 2024 WL 3967253 (D. Vt.

    Aug. 28, 2024)............................................................................................................................3

*Landis v North Am. Co.*, 299 U.S. 248 (1936) ........................................................................2

*Nken v Holder*, 556 U.S. 418 (2009)........................................................................................2

*South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98 (2d Cir. 2009) .............................2

**Statutes**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................1

Fed. R. Civ. P. 16.......................................................................................................................2

Fed. R. Civ. P. 26.......................................................................................................................2

Fed. R. Civ. P. 8.........................................................................................................................2

## **PRELIMINARY STATEMENT**

Two dispositive motions are pending before the Court. The first, defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) was filed on January 30, 2026. *See* ECF 66. In response, plaintiff filed a motion for summary judgment pursuant to Rule 56. *See* ECF 77. Plaintiff, the United States, filed the same memorandum of law twice, once in connection with its summary judgment motion (*see* ECF 78), and a second time in opposition to defendant's motion to dismiss. *See* ECF 79.

The documents entered onto the docket at ECF 78 and ECF 79 are identical. On March 18, 2026, defendants submitted their reply brief in further support of their motion to dismiss. Consequently, defendants motion to dismiss the amended complaint is fully briefed and pending the Court's determination.

On March 20, 2026, defendants proposed to plaintiff that plaintiff's motion for summary judgment – both the briefing and the Court's consideration thereof – should be stayed pending the outcome of defendants' motion to dismiss. Defendants' view is that briefing and consideration of plaintiff's summary judgment motion prior to disposition of the dismissal motion would be an inefficient use of judicial resources because some or all of plaintiff's causes of action are at risk of dismissal. Plaintiff, by email dated March 20, rejected this proposal.

Plainly, the Court and the parties should not expend time and attention on a motion for summary judgment relative to claims that may well get dismissed. Moreover, as defendants pointed out to plaintiff, in the event any of plaintiff's causes of action are not dismissed, defendants intend to seek discovery relative to those causes of action. As such, summary judgment as to those causes of action would be premature. However, plaintiff did not consent to join defendants' application to stay plaintiff's summary judgment motion.

1

## **ARGUMENT**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v North Am. Co.*, 299 U.S. 248, 254 (1936). A stay is an exercise of judicial discretion, and "the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v Holder*, 556 U.S. 418, 433 (2009).

Defendants request this stay in circumstances which are markedly different from those normally attendant motions to stay proceedings because plaintiff has filed a summary judgment motion unusually early. The parties have not attended a Rule 26(f) conference, nor has this Court issued a scheduling order pursuant to Rule 16. Defendants are not asking for proceedings to be stayed pending an appeal, nor are defendants asking for discovery to be stayed pending determination of a dispositive motion. Rather, defendants seek to stay briefing or consideration of a summary judgment motion which plaintiff filed at the earliest possible juncture. Given the timing of that summary judgment motion, it is premature.

The United States seeks to end run discovery and move forward with summary judgment despite defendants' challenge to its amended pleading, and despite the Supreme Court's clear direction that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v Iqbal*, 556 U.S. 662, 678-679 (2009); *see also South Cherry St., LLC v Hennessee Group LLC*, 573 F.3d 98, 113-114 (2d Cir. 2009) (holding that a complaint that fails to plausibly state a claim for relief cannot proceed to discovery even where plaintiff contends that the information needed to render its allegations plausible are "peculiarly within the knowledge of defendants").

2

Defendants hope to preserve the parties' time and resources, as well as the Court's time and resources, by avoiding potentially cumulative litigation. Pending before the Court is defendants' motion to dismiss the amended complaint. With due respect to counsel for plaintiff's sincere belief that defendants' dismissal motion will fail, that is merely their belief and the fact remains that some or all of the United States' causes of action may not survive.

Rather than litigate matters which may be rendered irrelevant, defendants respectfully request that this Court issue an order staying both the briefing and the consideration of plaintiff's summary judgment motion. A stay is warranted because it could "obviate the need for further litigation in this Court." *Goodnough v United States Internal Revenue Serv.*, 23-cv-0490-KJD, 2024 WL 3967253, at *5-6 (D. Vt. Aug. 28, 2024) (granting stay where neither party would be prejudiced). Here, requiring defendants to respond to a summary judgment motion without the benefit of any discovery would severely prejudice defendants.

Alternatively, defendants request an extension of time to file a responsive brief relative to plaintiff's summary judgment motion. Your undersigned is presently preparing for trial in this Court – that case is *Victoria Preston v City of Rochester, et al*, 22-cv-6525-CDH, which is scheduled to commence trial on April 13 and continue through April 24, 2026. Consequently, defendants respectfully request in the alternative that their deadline to respond to plaintiff's summary judgment motion be extended to May 8, 2026.

## CONCLUSION

Defendants respectfully request that briefing and consideration on plaintiff's motion for summary be stayed pending the outcome of defendants' pending motion to dismiss. Alternatively, defendants respectfully request that their deadline to respond to plaintiff's summary judgment motion be extended to May 8, 2026.

3

Dated:  March 25, 2026                    PATRICK BEATH
Rochester, New York                       Corporation Counsel

                              By:     s/ *James "Hal" Kieburtz*
                                      James "Hal" Kieburtz, Esq., Of Counsel
                                      *Attorneys for Defendants*
                                      30 Church Street, Room 400A
                                      Rochester, NY 14614
                                      Tel.:  (585) 428-6758

To:     Attorneys of Record, via ECF

4