

**U.S. Department of Justice**
Civil Division
Enforcement & Affirmative Litigation Branch
*Liberty Square Building*
*450 Fifth Street, NW*
*Washington, D.C. 20530*
*Tel: (202) 451-7728*
*Email: alessandra.faso@usdoj.gov*

June 5, 2026

<u>**VIA CM/ECF**</u>
Hon. Frank P. Geraci, Jr.
U.S. District Judge
U.S. District Court for the Western District of New York
100 State Street
Rochester, NY 14614

> Re:    *United States v. City of Rochester*, No. 25-cv-6226
>        Letter in Response to Defendants' Notice of Decision

Dear Judge Geraci:

On May 29, 2026, Defendants filed a letter notifying the Court of a decision in *United States of America v. City of Boston et al.*, No. 1:25-cv-12456-LTS, 2026 WL 1493706 (D. Mass. May 28, 2026). Instead of providing any explanation how that case bears on the one before this Court, Defendants merely asked this Court to consider the decision when evaluating the pending motion to dismiss. *See* ECF No. 86. *City of Boston* does not change the outcome of this case because it is limited to its facts. Moreover, the United States possesses standing to bring this action, which Rochester has not contested.

### A.  *City of Boston* has no bearing on this matter.

In *City of Boston*, the United States challenged the Boston Trust Act on Supremacy Clause grounds, specifically "the Act's prohibition on holding or arresting individuals solely on the basis of civil immigration detainers and administrative warrants." 2026 WL 1493706, at *5. The court's holding was primarily based on Massachusetts Supreme Court precedent standing for the proposition "that Massachusetts law provides no authority for Massachusetts court officers to arrest and hold an individual solely on the basis of a Federal civil immigration detainer." *Lunn v. Commonwealth*, 78 N.E.3d 1143, 1160 (2017). The court concluded that, based on *Lunn*, the United States' purported injury with respect to the detainer provisions of Boston's Trust Act was not redressable where no authority empowers Boston law enforcement to detain someone based on a federal civil immigration detainer or administrative warrant in the first place. 2026 WL 1493706, at *7. Accordingly, an order enjoining the enforcement of the detainer provisions of the Trust Act "could not alter this status quo" and the United States could not establish standing. *Id.*

The same is not true of the city of Rochester or the state of New York, and Defendants do not argue otherwise. An order enjoining the Challenged Provisions' prohibition on cooperation with civil immigration detainers would, indeed, alter the status quo, because it would give

1

Rochester police the option to cooperate with immigration detainers and administrative warrants. Whether or not all Rochester police officers would cooperate is not the inquiry. An order enjoining the Challenged Provisions would at the very least partially redress the United States' injuries, which suffices to demonstrate standing. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021) ("[T]he ability 'to effectuate a partial remedy' satisfies the redressability requirement." (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992))).

The United States also challenged the Boston Trust Act's prohibition on the use of funds and personnel for immigration enforcement purposes, including providing individuals' personal information to Immigration and Customs Enforcement. *City of Boston*, 2026 WL 1493706 at *3; *id.* at *5. The court held that the United States did not establish standing to challenge these information sharing provisions on traceability and redressability grounds. *Id.* at *11. According to the court, the information the Boston Trust Act prohibits city officials from sharing "falls squarely outside the ambit of § 1373" where it "does not prohibit the sharing of information 'regarding the citizenship or immigration status, lawful or unlawful, of any individual.'" *Id.* (quoting 8 U.S.C. § 1373(a)).

Again, the same is not true of the Challenged Provisions. Indeed, Resolution No. 2017-5 and General Order 502 forbid Rochester police officers from communicating with immigration officials regarding individuals' immigration status. *See* ECF 59-1 at 4; ECF 59-2 at 5-6. The Challenged Provisions are not limited to non-immigration "personal information," but clearly encompass "information regarding the citizenship or immigration status," of individuals as contemplated by section 1373. The traceability and redressability shortfalls perceived by the court in *City of Boston* are not present in the case before this Court. The harm suffered by the United States is fairly traceable to the information sharing restrictions of the Challenged Provisions because "without them, [] local law enforcement would be free to cooperate with federal immigration authorities." *United States v. Illinois*, 796 F. Supp. 3d 494, 510 (N.D. Ill. 2025). An order enjoining the information sharing restrictions in the Challenged Provisions would provide the United States with the relief it seeks. *See id.* ("Enjoining the Policies would redress the alleged harm by removing definitive impediments to federal immigration policy. This would provide tangible relief[.]"); *see also United States v. Missouri*, 114 F.4th 980, 985 (8th Cir. 2024).

In sum, *City of Boston* has no bearing on the outcome of this case, and Rochester has provided no argument to the contrary.

### B.  The United States has standing.

The United States also respectfully submits that *City of Boston* was wrongly decided. The United States's standing to enforce the Supremacy Clause and other federal laws is well-established.

Constitutional standing is an indispensable component of the case-or-controversy requirement of Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "The irreducible constitutional minimum of standing requires three things:" "an injury in fact … that is concrete and actual or imminent, not conjectural or hypothetical," "a fairly traceable causal connection between the plaintiff's injury and the complained-of conduct of the defendant," and "a likelihood that the requested relief will redress the alleged injury." *Robinson v. Sessions*, 260 F. Supp. 3d 264, 271 (W.D.N.Y. 2017) (Geraci, J.) (internal citations and quotations omitted).

The United States possesses standing because it "has a legally protected interest in enforcing federal law." *Missouri*, 114 F.4th at 984-85 (Missouri's statute classifying various federal firearms laws as infringements of the Second Amendment was a "concrete and particularized" injury to the United States by violating the Supremacy Clause) (citing *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1165 (10th Cir. 1996), and *Crow Indian Tribe v. United States*, 965 F.3d 662, 676 (9th Cir. 2020)), *cert denied*, 146 S. Ct. 90 (2025). The United States has suffered an injury in fact where Rochester has passed a law and implemented policies that both violate and undermine federal law. *See United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir. 2012); *United States v. Florida*, 172 F.4th 1201, 1222 (11th Cir. 2026); Mem. & Order, *United States v. Nebraska*, No. 8:26-cv-0172 (D. Neb. June 3, 2026), ECF No. 49 at 36. The Supreme Court has recognized that "[i]t is beyond doubt that [a] complaint asserts an injury to the United States" where it alleges an "injury to its sovereignty arising from violation of its laws." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000).

The Challenged Provisions also pose an obstacle to the Federal Government's enforcement of the immigration laws, increasing burdens on costs on federal agencies charged with that responsibility. *E.g.*, Am. Compl. ¶¶ 3, 65, 69, 71, 73.

Moreover, there is "a causal connection between the injur[ies] and the conduct complained of." *Lujan*, 504 U.S. at 560. The Challenged Provisions act as an impediment to federal immigration enforcement, and without them, federal immigration agents may be able to count on the support and cooperation of local law enforcement. *See Illinois*, 796 F. Supp. 3d at 510. Mayor Evans distilled the purpose and effect of Rochester's policies, confirming that Rochester police officers "do not help or participate in federal immigration activities." ECF 59 ¶ 5 (citing Rochester First, "Full Press Conference: City policy broken by officers during ICE response" (March 26, 2025), https://www.rochesterfirst.com/video/full-press-conference-city-policy-broken-by-officers-during-ice-response/10573550). As the Second Circuit explained, "[a]bsent any cooperation at all from local officials, some federal programs," such as the immigration system, "may fail or fall short of their goals[.]" *New York v. United States*, 179 F.3d 29, 35 (2d Cir. 1999). Here, the barriers imposed by the Challenged Provisions provide the causal link to the injuries pled in the Amended Complaint.

Finally, an order enjoining the Challenged Provisions would redress some or all of the injuries by removing these sovereign injuries and barriers to cooperation with federal immigration authorities. *Knight v. City of New York*, 164 F.4th 173, 179 (2d Cir. 2026); *Illinois*, 796 F. Supp. 3d at 510.

Should this Court require additional briefing to assist in its disposition of the pending motions, the United States is prepared to oblige.

Sincerely,

*/s/ Alessandra Faso*
ALESSANDRA FASO
Senior Litigation Counsel
United States Department of Justice
Enforcement & Affirmative Litigation Branch

cc: counsel of record (via CM/ECF)

3