**U.S. Department of Justice**
Civil Division
Enforcement & Affirmative Litigation Branch
*Liberty Square Building*
*450 Fifth Street, NW*
*Washington, D.C. 20530*
*Tel: (202) 451-7728*
*Email: alessandra.faso@usdoj.gov*

August 18, 2026

**VIA CM/ECF**
Hon. Frank P. Geraci, Jr.
U.S. District Judge
U.S. District Court for the Western District of New York
100 State Street
Rochester, NY 14614

Re: *United States v. City of Rochester*, No. 25-cv-6226
Letter in Response to Defendants' Notice of Decision

Dear Judge Geraci:

On July 10, 2026, Defendants filed a letter notifying the Court of a decision in *United States of America v. City of Newark et al.*, No. 2:25-cv-05081-EP-AME, 2026 WL 1816022 (D.N.J. June 24, 2026). Instead of explaining the relevance of that case to the one before this Court, Defendants merely asked this Court to consider the decision when evaluating the pending motion to dismiss. *See* ECF No. 88. As demonstrated below, *City of Newark* is inapposite and does not bear on the outcome of this case. Moreover, the United States has standing to bring this action, which Rochester has not contested. *See* ECF 87 at 2-3 (discussing standing).

In *City of Newark*, the United States challenged various "sanctuary policies" enacted by four cities in New Jersey. 2026 WL 1816022 at *1. Those policies included, for example, restrictions on municipal police inquiring about an individual's immigration status and limitations on city resources being used to facilitate immigration enforcement. *Id.* at *5-7. The court dismissed the United States' complaint on standing grounds largely due to a coexistent "statewide directive that, like the Challenged Policies, limits voluntary cooperation with federal civil immigration enforcement beyond what the law requires." *Id.* at *2. Because the directive "independently binds all law enforcement agencies and officers throughout New Jersey, including the municipal law enforcement agencies and officers that are also subject to the Challenged Policies," the court held that the statewide directive's existence was "key" to its determination that the United States' grievances would not be redressed if the challenged municipal policies were enjoined. *Id.*

The same is not true of the city of Rochester or the State of New York, and Defendants do not argue otherwise. Defendants point to no similar statewide directive binding on all municipalities throughout the State of New York that would authorize Rochester's conduct if the Challenged Provisions were enjoined. Nor is Plaintiff aware of any. Accordingly, an order enjoining the Challenged Provisions would redress the United States' injuries. *Knight v. City of*

*New York*, 164 F.4th 173, 179 (2d Cir. 2026); *United States v. Illinois*, 796 F. Supp. 3d 494, 510 (N.D. Ill. 2025).

The court in *City of Newark* further concluded that the United States lacked standing because, to the extent that the challenged municipal policies and statewide directive differed from one another, "the Complaint contains no injury solely traceable to the Challenged Policies that a favorable decision in this suit would redress." *City of Newark*, 2026 WL 1816022, at *18. The same is not true of the United States' amended complaint in this case, which discusses a specific incident in which officers of the Rochester Police Department were reprimanded for responding to federal law enforcement officers' call for backup, illustrating the City's sanctuary policies that pre-dated the even more restrictive Challenged Provisions that are the subject of the amended complaint. *Id.* ¶¶ 51-56. Further, the amended complaint discusses in detail the impact of the Challenged Provisions on the Department of Homeland Security's ability to conduct immigration enforcement in Rochester. *Id.* ¶¶ 57-66. For example, Resolution No. 2017-5 and General Order 502 forbid Rochester police officers from communicating with immigration officials regarding individuals' immigration status. *See* ECF 59-1 at 4; ECF 59-2 at 5-6. These are tangible harms that are solely traceable to the Challenged Provisions.

There are no traceability or redressability problems here as the court perceived in *City of Newark*. That case is limited to its facts. The harm suffered by the United States is fairly traceable to the information sharing restrictions of the Challenged Provisions because "without them, [] local law enforcement would be free to cooperate with federal immigration authorities." *Illinois*, 796 F. Supp. 3d at 510. An order enjoining the information sharing restrictions in the Challenged Provisions would provide the United States with the relief it seeks. *See id.* ("Enjoining the Policies would redress the alleged harm by removing definitive impediments to federal immigration policy. This would provide tangible relief[.]"); *see also United States v. Missouri*, 114 F.4th 980, 985 (8th Cir. 2024).

In sum, *City of Newark* has no bearing on the outcome of this case, and Rochester has provided no argument to the contrary.

Sincerely,

*/s/ Alessandra Faso*
ALESSANDRA FASO
Senior Litigation Counsel
United States Department of Justice
Enforcement & Affirmative Litigation Branch

cc: counsel of record (via CM/ECF)